Richard L. Stubbs, ISB No. 3239
Justin R. Volle, ISB No. 10237
CAREY PERKINS LLP
Capitol Park Plaza
300 North 6th Street, Suite 200
P. O. Box 519
Boise, Idaho 83701
Telephone: (208) 345-8600
Facsimile: (208) 345-8660
Email: rlstubbs@careyperkins.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>INDUSTRIAL VENTILATION, INC., and LIBERTY NORTHWEST INSURANCE CORPORATION,<br><br>    Defendants.<br><br>INDUSTRIAL VENTILATION, INC.,<br><br>    Counterclaimant,<br><br>vs.<br><br>THE CINCINNATI INSURANCE COMPANY,<br><br>    Counterdefendant. | Case No. 1:17-CV-00205<br><br>AMENDED COMPLAINT FOR DECLARATORY JUDGMENT |

COMES NOW, Plaintiff The Cincinnati Insurance Company, by and through its counsel of record, the law firm of Perkins Mitchell Pope McAllister LLP, and complaints and alleges as follows:

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - 1

# I.
# PARTIES, JURISDICTION AND VENUE

1. The Cincinnati Insurance Company ("Cincinnati") is and at all relevant times was an Ohio corporation duly authorized by the State of Idaho Department of Insurance to do business in the State of Idaho.

2. Defendant Industrial Ventilation Inc. ("Industrial Ventilation") is and at all relevant times was a corporation organized under the laws of the State of Idaho.

3. Defendant Liberty Northwest Insurance Corporation ("Liberty Northwest") is and at relevant times was a corporation organized under the laws of the State of Oregon.

4. Cincinnati, Industrial Ventilation and Liberty Northwest are citizens of different states.

5. The matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201, and pursuant to Idaho Code Section 5-514, in that Industrial Ventilation and Liberty Northwest transacted business within the State of Idaho, and it is alleged by Liberty Northwest or its representatives that Industrial Ventilation committed a tortious act within the State of Idaho.

# II.
# STATEMENT OF FACTS

7. On or about January 17, 2014, Industrial Ventilation was hired by Flying A Ranch in Ashton, Idaho to spray anti-sprout chemicals on potatoes stored in a storage building.

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - 2

8. During the course of spraying the chemical treatment, Industrial Ventilation's equipment "backfired," causing a fire to ignite in the potato storage facility.

9. Cincinnati issued and delivered a commercial general liability insurance policy to Industrial Ventilation. The policy was issued by Cincinnati and was valid from April 1, 2013 to April 1, 2014. A true and accurate copy of the policy is attached hereto as **Exhibit A**.

10. The policy issued by Cincinnati provided insurance coverage for Industrial Ventilation under certain terms and conditions.

11. The policy contains a Faulty Workmanship exclusion, j.(6), that excludes coverage for property damage to that particular part of any property that must be restored, repaired or replaced because the insured's work was incorrectly performed on it.

12. Flying A Ranch is insured by Liberty Northwest, and Liberty Northwest has filed a lawsuit against Industrial Ventilation in the Seventh Judicial District of the State of Idaho, in and for the County of Fremont, for claims of Flying A Ranch arising out of the subject incident. A true and accurate copy of Liberty Northwest's Complaint for Damages is attached hereto as **Exhibit B**.

13. Liberty Northwest claims, among other things, that Industrial Ventilation caused damage to Flying A's potatoes.

14. Industrial Ventilation has tendered a claim to Cincinnati that Cincinnati defend Liberty Northwest's action for damages against Industrial Ventilation and pay any judgment which may be rendered within policy limits, and Cincinnati has

agreed to defend the action subject to a reservation of rights pending resolution of the coverage issues.

15. Under the allegations of Liberty Northwest's complaint, Cincinnati is not obligated by the terms of the policy to indemnify Industrial Ventilation for damage to Flying A's potatoes and for consequential damages and/or intangible losses resulting from the damages to the potatoes.

16. Under the allegations of Liberty Northwest's complaint, the facts alleged fall within the Faulty Workmanship exclusion to the extent Liberty Northwest seeks damages for loss of Flying A's potatoes and/or for consequential damages and/or intangible losses resulting from the damages to the potatoes.

17. An actual, real and substantial controversy exists involving Cincinnati, Industrial Ventilation and Liberty Northwest with respect to their conflicting claims and legal relations.

WHEREFORE, The Cincinnati Insurance Company requests a declaration by reason of the terms and conditions of the policy and of the facts herein alleged that coverage is not afforded by the policy issued and delivered by The Cincinnati Insurance Company to Industrial Ventilation, Inc., designated as the insured in the policy declarations, for damages arising out of the loss of Flying A's potatoes and for consequential damages or intangible losses resulting from the damages to the potatoes, and that the Court declare that The Cincinnati Insurance Company does not have a duty to indemnify Industrial Ventilation, Inc., and/or Liberty Northwest Insurance Corporation or to pay any judgment found in the action against Industrial Ventilation, Inc., by Liberty Northwest Insurance Company with respect to damages for loss of potatoes and for

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - 4

consequential damages or intangible losses resulting from the damages to the potatoes and further requests that The Cincinnati Insurance Company receive an award of costs as is equitable and just.

**THE CINCINNATI INSURANCE COMPANY DEMANDS A TRIAL BY NOT FEWER THAN SIX JURORS AS TO ALL ISSUES.**

DATED this 8th day of September, 2017.

CAREY PERKINS LLP


By    /s/ Richard L. Stubbs\_\_\_\_
    Richard L. Stubbs, of the Firm
    Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of September, 2017. I served a true and correct copy of the foregoing AMENDED COMPLAINT FOR DECLARATORY JUDGMENT by delivering the same to each of the following, by the method indicated below, addressed as follows:

| | | |
|---|---|---|
| Jason S. Risch | [ ] | U.S. Mail, postage prepaid |
| RISCH PISCA, PLLC | [ ] | Hand-Delivered |
| 407 West Jefferson Street | [ ] | Overnight Mail |
| Boise, Idaho  83702-6012 | [ ] | Facsimile (208) 345-9928 |
| Telephone (208) 345-9929 | [x] | ICourt/E-Filing |
| *Attorneys for Defendant Industrial Ventilation, Inc.* | | courts@rischpisca.com |

| | | |
|---|---|---|
| Brooke H. Anderson | [ ] | U.S. Mail, postage prepaid |
| Grodon & Reese LLP | [ ] | Hand-Delivered |
| 101 W. Broadway, Ste 2000 | [ ] | Overnight Mail |
| San Diego, CA  92101 | [ ] | Facsimile (619) 696-7124 |
| Telephone (619) 230-7466 | [x] | ICourt/E-Filing |
| *Attorneys for Liberty Northwest Insurance Corporation* | | banderson@gordonrees.com |

/s/ Richard L. Stubbs_____
    Richard L. Stubbs

AMENDED COMPLAINT FOR DECLARATORY JUDGMENT - 5